THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR JULIO VÉLEZ MATOS, Defendant and Appellant.

No. 17246. Decided February 26, 1963.

426

██ 

*Víctor Julio Vélez Matos* pro se.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On August 30, 1960, appellant Víctor Julio Vélez Matos was sentenced by the Superior Court, Mayagüez Part, to serve from 2 to 5 years' imprisonment in the penitentiary for a violation of § 438 of the Penal Code, 33 L.P.R.A. § 1693. Nine days later he personally filed an appeal and in order to perfect the same he requested and obtained an order addressed to the stenographer who intervened in the proceedings to prepare the transcript of evidence. The corresponding fees were deposited in court on October 28 of that same year.

On November 2, he requested an extension to file the transcript of record which was granted. The aforesaid extension expired on January 2, 1961,[1] and since then he has not requested an additional extension or taken any further steps to perfect the appeal filed. For this reason, the Solicitor General requested on February 16, 1961, the dismissal of the appeal, and served notice on appellant at his address in the ward of Guanajibo in the municipality of Hormigueros. We sustained the Solicitor General's motion, and by decision of March 10 we dismissed the appeal. Rule 12(c) (3) of the Supreme Court Rules, 4 L.P.R.A., Supp. 1962, p. 325. In compliance with our order he was sent to the State Peniten-

---

[1] Although of no importance for the purpose of deciding the question raised, we wish to set forth that there is a variance as to the expiration date of the extension granted, for while the two certificates of the Acting Secretary of the trial court which were included by the Solicitor General with the motion for dismissal, refer to December 30, 1960, the certificate issued at our request on January 18, 1963 by the present Secretary refers to January 2, 1961.

tiary to serve the sentence imposed on him. He was reimbursed the sum of one hundred dollars which he had deposited as payment for the transcript.

On January 3 of this year, the convict filed a motion in this Court requesting the reinstatement of his appeal, and after setting forth briefly the above facts, he states that "all the motions presented in the aforesaid dismissed appeal were made in his own right, without any intervention whatsoever on the part of an attorney or of a legal adviser," and that "appellant did not request the necessary extensions of time... because he ignored his duties in that respect."

■ Pursuant to § 356 of the Code of Criminal Procedure, 1935 ed., 34 L.P.R.A. § 1081, when appellant requests the preparation of the transcript of evidence for the prosecution of the appeal, the stenographer shall prepare said transcript within twenty days after having been notified of the trial court's order (*Vigio* v. *Cartagena*, 70 P.R.R. 566 (1949)), but this term may be extended by the court at its discretion, upon the request of appellant or of the stenographer.[2] It expressly adds that "...in no case shall the stenographer's delay in preparing the transcript constitute legal grounds for dismissing an appeal."[3]

In *People* v. *Santos*, 80 P.R.R. 591 (1958), we stated that when an accused appeals in his own right, requests, and is granted, leave to obtain the transcript of evidence in forma pauperis, such right cannot be defeated by his failure to request from jail that the period for the stenographer to file said transcript be extended. We added, "Once its turn has come, pursuant to Rule No. 13 of the Administration Rules, he is favored and protected."

---

[2] *Cf*. Rule 53.5 of the Rules of Civil Procedure of 1958, 32 L.P.R.A., Supp. 1962, p. 162 and Rule 210 of the Rules of Criminal Procedure submitted by the Supreme Court to the Legislature on February 5, 1963.

[3] Section 359 of the Code of Criminal Procedure, 1935 ed., 34 L.P.R.A. § 1112, provides that "The Court may also, upon like motion, dismiss the appeal, if the return is not made as provided in section 356, unless for good cause they enlarge the time for that purpose."

428

■■ By the same token, when an appellant has taken steps to procure the preparation of the transcript of evidence, the order to that effect has been entered, and the stenographer's fees have been deposited,[4] his right of appeal should not be impaired by the mere failure to request the necessary extensions of time. As a matter of fact, it is the same Rule 13(c) of the Rules of Administration, 4 L.P.R.A., Supp. 1962, p. 343,[5] which to a certain extent makes unnecessary the continuous presentation of requests for extensions in criminal appeals, since it provides that "the stenographer shall prepare and file transcripts for purposes of appeal in *the order in which his fees, as determined by agreement with him or by order of court, are deposited in court.*" (Italics ours.) Once the fees are deposited, it is clear that the ground for the requests for extensions, by operation of the same rules of administrative order, is that the corresponding turn has not arrived. This being so, the noncompliance with the obligation to request the extensions should not be cause for the dismissal of the appeal. It is a mere futility.[6]

■ In view of the surrounding circumstances, the reinstalment of appellant's appeal shall be ordered, and the re-

---

[4] *Cf. Commonwealth of P.R.* v. *Santiago,* 74 P.R.R. 572 (1953); *Diaz* v. *González,* 74 P.R.R. 935 (1953).

[5] "(c) In all cases, civil and criminal, the stenographer shall prepare and file transcripts for purposes of appeal in the order in which his fees, as determined by agreement with him or by order of court, are deposited in court. Transcripts which are required to be furnished free of charge shall be filed in the order the court directs that they be prepared and filed. Notwithstanding what is previously provided in this paragraph, the administrative judge, after consulting the judge who tried the case, may order the preparation and filing of a transcript of evidence out of turn when warranted because of special circumstances or the public interest."

[6] By way of illustration we point out that, as an administrative practice, this Court, upon disposing of motions under Rule 53.4-2—in order to submit the whole or part of the transcript of the oral evidence for the purposes of issuing the writ of review—generally grants "whatever period of time they may need in order that, pursuant to Rule 13(c) of the Rules for the Administration of the Court of First Instance, the stenographer may prepare and submit the transcript of evidence..."

turn of the mandate issued pursuant to our decision of March 10, 1961 shall be required.[7]

---

[7] Appellant may request the fixing of a bail to remain in provisional liberty while the appeal is being transacted. Originally, the trial court had fixed a bail of $3,000.